**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.A.-1, D.A.-1, S.A.-2, K.A., and R.A.**

**No. 25-305** (Randolph County CC-42-2024-JA-34, CC-42-2024-JA-35, CC-42-2024-JA-36, CC-42-2024-JA-37, and CC-42-2024-JA-38)

## MEMORANDUM DECISION

Petitioner Father D.A.-2[1] appeals the Circuit Court of Randolph County's April 16, 2025, order terminating his parental rights to S.A.-1, D.A.-1, S.A.-2, K.A., and R.A., arguing that the circuit court erred by denying his motion for a post-dispositional improvement period and by terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2024, the DHS filed a petition alleging that the petitioner abused and neglected the children as he lacked mental stability, exposed the children to domestic violence, abused controlled substances, and lacked stable housing and employment. The DHS further alleged that Child Protective Services ("CPS") became involved with the petitioner as a result of family court proceedings, during which the petitioner consistently tested positive for methamphetamine and amphetamine and failed to participate in a parental fitness evaluation or the Batterer Intervention and Prevention Program ("BIPP"), both ordered by the family court. At an adjudicatory hearing in September 2024, the petitioner stipulated, both orally and in writing, to the allegations of substance abuse, domestic violence, and lack of appropriate housing. The circuit court accepted this stipulation and, accordingly, adjudicated the petitioner as an abusing parent and the children as abused and neglected children.

At a November 2024 hearing, the petitioner asserted that he was participating in the Family Treatment Court ("FTC") program and moved for a post-adjudicatory improvement period, with the proposed terms being the petitioner's successful competition of that program. Based on the petitioner's representations, the court granted the improvement period. However, in December

---

[1] The petitioner appears by counsel Steven B. Nanners. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel Heather M. Weese appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because two of the children share the same initials and the petitioner shares initials with one child, we use numbers to differentiate them.

2024, the petitioner was discharged from the FTC program due to his lack of participation, and the DHS subsequently moved to terminate the petitioner's improvement period. At a January 2025 review hearing, the court heard testimony from the petitioner and the FTC's coordinator regarding the petitioner's noncompliance. In the resulting order, the circuit court found that the petitioner failed to take advantage of services offered to him by the FTC, including long-term treatment, and terminated the petitioner's improvement period.

The court held a dispositional hearing in February 2025, where it considered the DHS's motion to terminate the petitioner's parental rights and the petitioner's motion for a post-dispositional improvement period. The court took judicial notice of the testimony presented at prior hearings.[3] It also entered into evidence, without objection, a July 2024 parental fitness evaluation report indicating that the petitioner lacked the capacity to care, protect, and change in order to adequately provide for the children. The court first heard from the Executive Director of North Central Community Corrections, who testified that the petitioner's last five drug screens between January and February 2025—the most recent being the day before the hearing—were all positive for methamphetamine and amphetamine, with the petitioner denying use each time, and the levels of each substance increasing over time. Next, the FTC coordinator testified that the petitioner had not taken advantage of any of the services offered to correct the conditions of abuse and neglect, which included therapy, BIPP services, relapse prevention classes, and in-patient substance abuse treatment. The FTC coordinator further represented that the petitioner made no effort to demonstrate a substantial change in circumstances since his termination from the program and had not reached out regarding services following his termination. A CPS worker then testified that the petitioner had not contacted the DHS regarding services following the termination of his improvement period and that she was unable to contact the petitioner using the phone number he had previously provided. The CPS worker stated that any services that could be provided by the DHS were the same as those already provided to the petitioner by the FTC and that the petitioner's continued substance abuse indicated that he would not comply with terms of a new improvement period. The petitioner testified that he would be starting a new job and obtaining a new home. The petitioner further stated that he started an in-patient drug rehabilitation program in January 2025 but walked out after only two days and asserted that he had not used methamphetamine since that time, asserting that the positive drug screens were based on his prior use. The petitioner claimed that he would do "whatever it takes," but later acknowledged that he had failed to participate in any of the services offered by the FTC.

Based on the evidence presented, the court denied the petitioner's motion for a post-dispositional improvement period and terminated the petitioner's parental rights to the children. The court found that the petitioner's noncompliance with services provided by the FTC resulted in the termination of his post-adjudicatory improvement period. The court further found that the petitioner continued to test positive for methamphetamine following the termination of his improvement period, that the petitioner's explanation for these positive results was not credible, and that the petitioner denied having a drug problem despite his prior stipulation. Based upon these findings, the court determined that the petitioner failed to show any change in circumstances, was

---

[3] The appendix on appeal does not contain transcripts of any of the proceedings before the February 2025 dispositional hearing.

unlikely to fully participate in an improvement period, and that termination of the petitioner's rights was in the best interests of the children. Therefore, the court concluded that "the only appropriate disposition in this matter [was] termination of [the petitioner's] parental rights." Accordingly, the court terminated the petitioner's parental rights in its April 2025 dispositional order.[4] It is from this order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that it was erroneous for the circuit court to deny his motion for a post-dispositional improvement. In support of this argument, the petitioner asserts that "he has taken major steps to show that he should have another chance," as he "attended rehab" and "stated a willingness to do whatever is recommended." To receive a post-dispositional improvement period after previously being granted an improvement period, a parent must "demonstrate[] that since the initial improvement period, [they have] experienced a substantial change in circumstances" that renders them likely to fully participate in the improvement period. W. Va. Code § 49-4-610(3)(D). While the petitioner argues that his testimony regarding his employment and housing and his actions during "his time in rehab" demonstrated such a change in circumstances, the circuit court's findings about his lack of compliance during his post-adjudicatory improvement period, his failure to contact the DHS following the termination of his improvement period, and his denial of continued substance abuse—in spite of his positive drug screens and the petitioner's own stipulation—supported denial of the petitioner's motion. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the petitioner a post-dispositional improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that circuit courts have "the discretion to refuse to grant an improvement period when no improvement is likely").

To the extent that the petitioner argues that termination of his parental rights was erroneous, we disagree. "Termination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon findings that there is no reasonable likelihood conditions of abuse or neglect can be substantially corrected in the near future and that termination is necessary for the children's welfare). There is no such likelihood when the parent has "habitually abused or [is] addicted to . . . controlled substances or drugs" or when the parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." W. Va. Code § 49-4-604(d)(1), (3). Here, the court found that the petitioner continued to abuse controlled substances *and* failed to comply with the terms of his post-adjudicatory improvement period and, accordingly, terminated his parental rights. *See In re K.L.*, 247 W. Va. 657, 667, 885 S.E.2d 595, 605 (2022) (explaining that a parent's failure to participate in their improvement period is "a statutorily-recognized basis upon which this Court regularly affirms

---

[4] The permanency plan for S.A.-1 and D.A.-1 is to remain in the custody of their nonabusing mother. The permanency plan for S.A.-2, K.A., and R.A. is to remain in the custody of their mother, who successfully completed a preadjudicatory improvement period.

3

termination of parental rights"). The court also found termination of the petitioner's parental rights necessary for the children's best interests. Thus, the petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 16, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III